**KYLE W. KELLAR, CA Bar No. 294253**
kyle.kellar@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
**Tel.: (626) 795-9900**
**Fax: (626) 577-8800**

**BEN BOURKE, CA Bar No. 367324**
ben.bourke@wbd-us.com
**WOMBLE BOND DICKINSON (US) LLP**
**50 California Street, Suite 2750**
**San Francisco, CA 94111**
**Tel.: (857) 287-3128**
**Fax: (857) 302-6828**

*Attorneys for Plaintiff*
*Test-Rite Products Corp.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TEST-RITE PRODUCTS CORP., a California corporation, <br><br> Plaintiff, <br><br> vs. <br><br> HUMBOLDT INTERNATIONAL CO., LTD., a Taiwanese company or corporation, <br><br> Defendant. | Case No. 5:26-cv-01609 <br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 12,179,336** <br><br> **DEMAND FOR JURY TRIAL** |

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

Plaintiff Test-Rite Products Corp. ("Test-Rite" or "Plaintiff"), by and through its attorneys, asserts this Complaint for declaratory judgment against Defendant Humboldt International Co., Ltd. ("Humboldt" or "Defendant") as set forth below.

## NATURE OF THE ACTION

1. This is a declaratory judgment action seeking a determination that Test-Rite and its products do not infringe any valid or enforceable claim of U.S. Pat. No. 12,179,336 (the "Patent-in-Suit" or "the '336 patent") under 35 U.S.C. § 271. A true and correct copy of the Patent-in-Suit is attached hereto as Exhibit A.

## THE PARTIES

2. Test-Rite is a corporation organized and existing under the laws of the State of California, having a principal place of business at 1900 Burgundy Place, Ontario, CA 91761.

3. On information and belief, Defendant is a Taiwanese company or corporation with its principal place of business at No.899, Sec.2, Li Ming Road, Taichung 40757, Taiwan.

## JURISDICTION AND VENUE

4. This is a complaint for declaratory relief under the patent laws of the United States, 35 U.S.C. § 1, et seq.

5. Test-Rite seeks declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338, 2201 and 2202.

7. This Court has personal jurisdiction over Humboldt as Humboldt has conducted business in and directed to California pertaining to the Patent-in-Suit. Humboldt broadcasts on their website that they "serve a sophisticated clientele across North America and Europe," which, on information and belief, includes the United States. (Exhibit B, Humboldt Company Profile.) Humboldt claims to "meet

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-1-

4929-3021-7884, v. 3

the DIN (German) and ANSI (U.S.A.) standards in supplying its "high-quality hand tools, auto tools accessories & power accessories to multiple countries, including Europe and the United States." (Exhibit C, CENS Humboldt Company Profile.) A record of a sampling of Humboldt's bills of lading indicates that Humboldt's products have been shipped to California ports. (Exhibit D, ImportInfo Humboldt U.S. Import Activity.) On information and belief, Humboldt's products are sold by retailers across California.

8. On information and belief, Humboldt does and has done business in this judicial district and in the State of California, including: (i) selling and offering for sale products within this District; (ii) regularly doing business or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from products provided to residents of this District and in this State; and (iii) regularly doing business and/or conducting enforcement activity pertaining to the Patent-in-Suit in this District and this State.

9. As such, on information and belief, Humboldt purposefully availed itself of the privilege of conducting business within this District and the United States; have established sufficient minimum contacts with this District such that they should reasonably and fairly anticipate being hailed into court in this District; have purposefully directed activities at residents of California and the United States; and at least a portion of Humboldt's accusations of patent infringement described herein arise out of or are related to one or more of the foregoing activities.

10. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) because, among other reasons, Humboldt is subject to personal jurisdiction in this judicial district, it regularly conducts business in this judicial district, and/or because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. On information and belief, Humboldt is incorporated and headquartered in Taiwan, and 28 U.S.C. § 1400(b) is not applicable to foreign corporations.

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-2-

## FACTUAL BACKGROUND

11.　The Patent-in Suit relates to hand tool racks. (*See* Exhibit A, the '336 patent.) The '336 patent is titled "HAND TOOL RACK," lists inventor Yu Wei Lin, and issued on December 31, 2024.

12.　Although there are no recorded licenses or assignments of the '336 patent, Humboldt has represented that they own the '336 patent and have the right to assert it against their competitors.

13.　Test-Rite sells drive socket sets (the "Accused Products") at Advance Auto Parts ("AAP") under the following Standard Identification Numbers ("SINs") and corresponding product descriptions:

- DHP55306: 1/4" DRIVE SOCKET SET, METRIC & SAE, 22PC
- DHP55307: 3/8" DRIVE SOCKET SET, METRIC & SAE, 20PC
- DHP55308: 1/2" DRIVE SOCKET SET, METRIC & SAE, 23 PC

14.　On or about February 26, 2026, Defendant Humboldt informed AAP via email that they believed the Accused Products infringe the '336 patent and demanded that AAP cease selling the Accused Products. In Humboldt's email to AAP, it included as part of Humboldt's "Reasons for Requesting Product Delisting" "Infringing Contents" where some limitations of claim 1 of the '336 patent were mapped against the Accused Products.

15.　On or about March 12, 2026, Humboldt again contacted AAP via email and asserted that "patent infringement has been confirmed" and that Humboldt is "the sole legal owner of the patent rights for these products." Humboldt also threatened "Imminent Legal Action".

16.　On or about March 13, 2026, Test-Rite contacted Humboldt and informed Humboldt that, based on review by Test-Rite's U.S. patent counsel, the Accused Products did not infringe any claim of the '336 patent.

17.　Despite Test-Rite's communication to Humboldt, on or around March 25, 2026, a Taiwanese law firm—Taycon International Patent &

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

4929-3021-7884, v. 3

Trademark Office—contacted AAP via email and re-asserted the allegation that the Accused Products infringe the '336 patent.

18. However, contrary to Humboldt's repeated and escalating allegations, the Accused Products have not infringed and do not infringe, either directly or indirectly, any valid and enforceable claim of the Patent-in-Suit, either literally or under the doctrine of equivalents. Specifically, the Accused Products do not infringe the Patent-in-Suit including because the Accused Products do not have, either literally or under the doctrine of equivalents, at least the following limitations required by claim 1, the sole independent claim, of the '336 patent:

- "a first connection portion"

- "a second connecting portion"

- "wherein when the second housing is in the closed position, the second connecting portion is connected to the first connecting portion"

- "wherein when the second housing is in the open position, the second connecting portion is detached from the first connecting portion"

(*See* Exhibit A, the '336 patent, at cl. 1.)

19. By virtue of the foregoing, a substantial and imminent controversy exists between the parties that is of sufficient immediacy and reality to warrant declaratory relief.

## CLAIM FOR RELIEF

### (Declaratory Judgment of Non-Infringement)

20. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 19 above as if set forth herein.

21. Test-Rite and the Accused Products have not infringed and do not infringe, directly or indirectly, any valid and enforceable claim of the Patent-in-Suit, either literally or under the doctrine of equivalents.

22. As a result of the acts described in the foregoing paragraphs, including Humboldt's repeated allegations that the Accused Products infringe the

655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-4-

4929-3021-7884, v. 3

'336 Patent, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of declaratory judgment.

23.    A judicial declaration is necessary and appropriate so that Test-Rite may ascertain its rights regarding the Patent-in-Suit.

## PRAYER FOR RELIEF

WHEREFORE, Test-Rite asks that the Court grant judgment against Defendant Humboldt for the following:

1.    A declaration that the Accused Products have not infringed, either directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the Patent-in-Suit;

2.    An order declaring that Test-Rite is a prevailing party and that this is an exceptional case, awarding Test-Rite its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law;

3.    That Humboldt be ordered to pay all costs associated with this action; and

4.    That Test-Rite receives all other relief the Court deems appropriate.

Dated: April 2, 2026                 Respectfully submitted,
                                     WOMBLE BOND DICKINSON (US) LLP

                                     By   _/s/Kyle W. Kellar_____
                                         Kyle W. Kellar
                                         Ben Bourke

                                         Attorneys for Plaintiff
                                         *Test-Rite Products Corp.*



655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-5-

4929-3021-7884, v. 3

## DEMAND FOR JURY TRIAL

Plaintiff Test-Rite Products Corp. demands a jury trial on its claims herein and all issues and claims so triable in this action.

Dated: April 2, 2026

Respectfully submitted,

WOMBLE BOND DICKINSON (US) LLP

By   */s/Kyle W. Kellar*
Kyle W. Kellar
Ben Bourke

*Attorneys for Plaintiff*
*Test-Rite Products Corp.*



655 North Central Avenue
Suite 2300
Glendale, CA 91203-1445

WOMBLE BOND DICKINSON

-6-

4929-3021-7884, v. 3